# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| In re: ) | | |
| ) | | |
| TERESA JERNIGAN ) | | CASE NO. 13-40127 |
| Debtor ) | | |
| ) | | |

| | | |
|---|---|---|
| TERESA JERNIGAN ) | | |
| Plaintiff ) | | |
| v ) | | A. P. NO. 14-4017 |
| HOUSEHOLD FINANCE CORPORATION II ) | | |
| Defendant ) | | |

## MEMORANDUM

This case comes before the Court on the cross motions for summary judgment filed by the Plaintiff, Teresa Jernigan ("Jernigan") and the Defendant, Household Finance Corporation II ("Household"). At issue is whether Household's security interest is void as against the trustee as asserted by Jernigan. Upon review of the motions, the supporting documents, and the responses filed, the Court concludes that the Motion for Summary Judgment filed by Household should be granted and the Motion for Summary Judgment filed by Jernigan should be denied.

## JURISDICTION

Determinations of the validity, extent, and priority of liens are core proceedings under 28 U.S.C. § 157(b)(2)(A), (B), and (K). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a).

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts are not in dispute. On September 22, 1997, Douglas and Teresa Jernigan entered into a Loan Repayment and Security Agreement (the "Note") and Mortgage with Household

Finance Corporation II in effect mortgaging certain real property commonly known as 7126 State Rte 176, Drakesboro, KY 42337. In 1998, the Jernigans filed a Chapter 13 Bankruptcy Petition, Case No. 98-41768, which was converted in 2002 to a Chapter 7. The Jernigans obtained a discharge of their debts on May 8, 2002. Included in that discharge is the personal liability of the Note that is the subject of this adversary proceeding.

Teresa Jernigan filed the instant bankruptcy on February 14, 2013. In Section 2.(D) of her Chapter 13 Plan under the Section, "Liens Avoided pursuant to 11 U.S.C. § 506 (a) and (d)" there were no liens listed. In Section 3(B)(1) of the Plan, Jernigan proposed to make her regular monthly mortgage payments directly to Beneficial. The plan was confirmed on March 13, 2013. Household Finance Corporation II ("Household") filed a proof of claim on June 15, 2013 for a secured claim with an arrearage of $13, 205.90 and a total claim of $48,640.65. (Claim No. 15-1). Household transferred the Claim to Beneficial Kentucky, Inc ("Beneficial") on August 20, 2014. (Doc. #52). Beneficial Kentucky, Inc. transferred the claim to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("U.S. Bank") on December 03, 2014.[1]

On January 27, 2014, in the main bankruptcy case, Jernigan filed an objection to claim of Household. Household filed a response and Jernigan filed an amended Objection to which Household filed a response. Jernigan then filed a Motion to compel the Chapter 13 Trustee to File an Adversary Action to Avoid Household's lien. The Chapter 13 Trustee filed a Response indicating that he had no interest in pursuing an adversary proceeding but stated that he had no

---

[1] Although the claim has been transferred to U.S. Bank, Household is the defendant in this case. Bankruptcy Rule 7025 permits the action to be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. In this case, no motion has been made to join or substitute the transferee, U.S. Bank, into this case.

2

objection to the Debtor pursuing such an action. On June 10, 2014, the Court entered an order denying Jernigan's motion to compel the Chapter 13 Trustee to pursue an adversary proceeding, but granting Jernigan's oral motion for derivative standing to file an avoidance action under 11 U.S.C. § 544. Jernigan filed the instant adversary action and the Court ordered the Objection to Claim held in abeyance pending the outcome of the instant adversary proceeding.

Jernigan filed her complaint in this adversary proceeding on June 10, 2014. While somewhat disjointed,[2] Jernigan in essence claimed that the Note and Mortgage had become separated from each other. The proof of claim was filed on June 10, 2013 with a note and mortgage to Household Finance Corporation II. On June 13, 2013 the mortgage was assigned to Beneficial Kentucky, Inc. Because the Note was made payable to Household but the Mortgage was assigned to Beneficial, Jernigan alleged that the two instruments were in effect separated. Because the Note was discharged in the previous Chapter 7 Bankruptcy, Jernigan alleged Household no longer had any claim at all. And because the Note and Mortgage were allegedly separated, Jernigan argued that the Mortgage to Beneficial was of no force or effect. Consequently, Jernigan claimed that the lien should be avoided and the objection to Household's claim sustained.

Household answered the complaint. Household's position was that the Note and Mortgage were never separated.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c), made applicable to bankruptcy proceedings by

---

[2] Jernigan's complaint is so disjointed, much of what the Court surmises her allegations to be came from the Joint Settlement Conference Report. Jernigan's complaint fails to clearly and articulately explain what relief she is seeking and why she believes she is entitled to such relief.

3

Bankruptcy Rule 7056, provides that a court shall render summary judgment:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The party moving the Court for summary judgment bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." Jones v. Union County, 296 F.3d 417, 423 (6th Cir. 2002). See generally Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party meets that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." Hall v. Tollett, 128 F.3d 418, 422 (6th Cir. 1997) (emphasis added). In determining the existence or nonexistence of a material fact, a court will view the evidence in a light most favorable to the nonmoving party. Tennessee Dep't of Mental Health & Mental Retardation v. Paul B., 88 F.3d 1466, 1472 (6th Cir. 1996). Absent such evidence from the nonmoving party in a motion for summary judgment, the Court need not comb the entire record to determine if any of the available evidence could be construed in such a light. See In re Morris, 260 F.3d 654, 665 (6th Cir. 2001) (holding that the "trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact").

## DISCUSSION

As stated above, the issue before this Court is whether the Note and Mortgage were separated thereby making the lien avoidable. Jernigan submitted no evidence or exhibits in support of her position. The Court has reviewed the documents submitted by Household and can find as a matter of law that the Note and Mortgage have not been separated. Household transferred its interest in the

4

Note and the Mortgage to Beneficial after the proof of claim was filed. The record of that transfer was made on June 13, 2013 and placed in the Kentucky property record on June 20, 2013. The original Note shows an allonge attached to the Note from Household to Beneficial and Beneficial endorsed it in blank. Both the Note and Mortgage are in the name of Beneficial, the creditor identified by Jernigan in her Chapter 13 plan. As a result, Beneficial has a valid and enforceable lien.

In her complaint, Jernigan claimed that Household does not have a valid claim because it is not a holder of the Note. To rebut this allegation, Household presented evidence that it is entitled to enforce the Note because it is in possession of the Note and it is properly indorsed. The affidavit of Rachel Valli clearly indicates that the original Note is in Defendant's possession. Jernigan has presented no evidence to rebut this point. Ky. Rev. Sta. Ann. §355.1-201(u)(1) provides that "holder" means the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession. The Note was originally payable to Household. The Note was transferred by allonge from Household to Beneficial Kentucky Inc.; by allonge from Beneficial Kentucky Inc. to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust; by blank allonge from U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by Caliber Home Loans, Inc., as Attorney in Fact. Here, Household is the holder of the Note because it is in possession of the Note and the Note is endorsed in blank. Ky. Rev. Sta. Ann. §355.3-301(1) states that "person entitled to enforce" an instrument means the holder of the instrument.

In her pleadings, Jernigan repeatedly demanded production of original Note. The Court was somewhat confused by these requests. Clearly, the Note was discoverable by Jernigan. The Court

5

is unsure if she failed to properly request the Note, or if she is implying that Household refused to comply with proper discovery requests.[3] Under either scenario, Household submitted affidavits in Support of its Motion for Summary Judgment which both authenticate the Note and attest to Household's possession of it.

The supporting documents also make it clear that Household is entitled to enforce the Mortgage because it is the holder of the mortgage.[4] Here, Jernigan executed a Mortgage in favor of Household. The Mortgage has since been transferred to Household by valid assignment duly recorded with the Muhlenberg County Clerk. The Mortgage was transferred from Household to Beneficial Kentucky Inc. This transfer is evidenced by an Assignment of Mortgage dated June 20, 2013, recorded as Book M641, Pages 241-242. The Mortgage was then transferred from Beneficial Kentucky Inc. to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust. This transfer is evidenced by the Assignment of Mortgage dated January 13, 2015, recorded as Book M662, Pages 103-104. These transfers are all properly documented and show that Household is the holder of the Mortgage and as such is entitled to enforce the mortgage.

The Court also finds that Jernigan's reliance upon In re Dorsey, 491 B.R. 464 (E.D. KY. 2013), Aff'd 514 B.R. 719 (B.A.P. 6th Cir. 2014), is misplaced. In that case, the debtors executed a note and mortgage in favor of Popular Financial Services, LLC on certain real property. The duly

---

[3] This second option seems unlikely considering counsel for Household states he repeatedly offered to permit Jernigan to inspect the original Note, but that counsel for Jernigan did not avail himself of that offer.

[4] The Court will also take this time to repeat that Jernigan submitted absolutely no documents, affidavits, or exhibits in support of her motion for summary judgment. In fact, the attachment to Jernigan's summary judgment motion is simply another copy of the summary judgment motion.

recorded mortgage was granted by debtors to Mortgage Electronic Registration Services, Inc. acting solely as a nominee for Popular Financial Services, to secure repayment of the note. The Note did not contain any endorsements or allonges. Id. at 467. The court found the lack of an endorsement dispositive. Here, the Note and Mortgage were properly transferred and assigned. The Allonges track perfectly from Household to Beneficial to U.S. Bank, as do the assignments.

In her response to Household's motion for Summary Judgment, Jernigan conceded that she is not entitled to summary judgment. In fact, it appears that she has now abandoned her argument that the Note and Mortgage were separated. She now complains that Household has made the tracking of the Note and Mortgage more difficult by transferring the Note twice since the filing of the bankruptcy. Jernigan fails to provide any legal theory to support her position that Household should not be allowed to transfer a note after the filing of a bankruptcy case. Nor does she elaborate how this issue is related to the issues raised in her complaint.

Jernigan also now complains that the allonges produced by Household are not dated, and one of the allonges is endorsed in blank. Again, Jernigan fails to cite any legal theory to support her assertion that allonges must be dated to be valid. Nor does Jernigan supply any legal theory supporting her argument that allonges may not be endorsed in blank. Nor does she elaborate how these issues relate to the issues raised in her complaint.

Finally, Jernigan now argues that issues of fact remain in this matter. The Court does not agree. For the specific issues presented in the complaint, there are no genuine issues of material fact.

**CONCLUSION**

Upon review of all the documents submitted, the Court must conclude that the Note and

Mortgage were not separated. Courts should only disassociate a note from a mortgage when there is evidence that the parties to the transfer agreed to do so. Here, Jernigan has provided no evidence that there was any intent to separate this Note and Mortgage. The only evidence before the Court are notes and mortgages that have been transferred in the normal course of business by allonge and assignment. Household is entitled to enforce the Note and the Mortgage because it is the holder of these instruments. Because there is no genuine dispute as to any material fact, the Court finds that Jernigan's Motion for Summary Judgment should be **DENIED** and that Household' Motion for Summary Judgment should be **GRANTED**. A separate judgment will be entered in accordance with this Memorandum.

*/s/ Alan C. Stout*

Alan C. Stout
United States Bankruptcy Judge

Dated: July 22, 2015

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| TERESA JERNIGAN | ) | CASE NO. 13-40127 |
|     Debtor | ) | |
| | ) | |

| | | |
|---|---|---|
| TERESA JERNIGAN | ) | |
|     Plaintiff | ) | |
| v | ) | A. P. NO. 14-4017 |
| HOUSEHOLD FINANCE CORPORATION II | ) | |
|     Defendant | ) | |

## JUDGMENT

Pursuant to the Court's Order entered this same date and incorporated herein by reference, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED AND ADJUDGED** that the Plaintiff's Motion for Summary Judgment is hereby **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Defendant's Motion for Summary Judgment is **GRANTED** and the above styled action is dismissed.

There being no just cause for delay, this is a final and appealable judgment.

_____
Alan C. Stout
United States Bankruptcy Judge

Dated: July 22, 2015